IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jane Doe 8,<br><br>        Plaintiffs,<br><br>    v.<br><br>Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc., d/b/a U.S. All-Star Federation, USA Federation for Sport Cheering d/b/a USA Cheer, Charlesbank Capital Partners, LP, Bain Capital, LP, Jeff Webb, individually, Rockstar Cheer & Dance, Inc., Katherine Anne Foster as the personal representative of the Estate of Scott Foster, Kathy Foster individually, Josh Guyton, Christopher Hinton, Traevon Black a/k/a Trey Black n/k/a Tracey Black, and other unknown defendants,<br><br>        Defendants. | Case No.: 6:22-cv-03508-HMH<br><br><br><br>**ANSWER OF DEFENDANT CHRISTOPHER HINTON** |

Defendant Christopher Hinton, answering the Complaint of the Plaintiffs, would respectfully show unto the Court and allege:

FOR A FIRST DEFENSE

1. Defendant Christopher Hinton generally denies each and every allegation of the Plaintiffs' Complaint not hereinafter admitted, modified, or explained.

2. The Plaintiffs' Statement of the Case sets forth legal conclusions to which no response is required.  To the extent the Court should deem a response is required by Defendant Hinton, Defendant Hinton denies each and every allegation contained therein and demands strict proof thereof.

3. Defendant Hinton is without sufficient information to either admit or deny the allegations of Paragraphs 1, 2, 3, and 4 of the Plaintiffs' Complaint and therefore <u>denies</u> the same and demands strict proof thereof.

4. With regards to Paragraphs 5, 6, 7, 8, and 9 of the Plaintiffs' Complaint, to the extent the allegations reference "Defendants" collectively, Defendant Hinton vehemently <u>denies</u> all such allegations as they may pertain to him and demands strict proof thereof.

5. Paragraphs 10 and 11 of the Plaintiffs' Complaint set forth legal conclusions to which no response is required. To the extent the Court should deem a response is required by Defendant Hinton, Defendant Hinton <u>denies</u> each and every allegation contained therein and demands strict proof thereof.

6. With regard to Paragraphs 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39 of the Plaintiffs' Complaint, Defendant Hinton is without the knowledge or sufficient information to either admit or deny any such allegations (as they pertain to unidentified Jane and Joe Doe Plaintiffs and other named Defendants) and therefore denies each and every allegation contained therein and demands strict proof thereof. Should any of the allegations contained within these Paragraphs be deemed to pertain to Defendant Hinton, all such allegations are denied, and strict proof is demanded thereof.

7. As to Paragraph 18 of the Plaintiffs' Complaint, Defendant Hinton admits that he was employed at Rockstar Cheer to coach; however, he denies that he was the protege of Scott Foster, and strict proof is demanded thereof.

8. With regard to Paragraph 40 through Paragraph 121, inclusive of all numbered Paragraphs therein, of Plaintiffs' Complaint, Defendant Hinton is without the knowledge or sufficient information to either admit or deny any such allegations (as they pertain principally to other named Defendants) and therefore <u>denies</u> each and every allegation contained therein and demands strict proof thereof. Should any of the allegations contained within these Paragraphs be deemed to pertain to Defendant Hinton, all such allegations are denied, and strict proof is demanded thereof.

9. As to Paragraph 122 of the Plaintiffs' Complaint, Defendant Hinton admits to the allegations set forth.

10. With regard to Paragraph 123 through Paragraph 125, inclusive of all numbered Paragraphs therein, of Plaintiffs' Complaint, Defendant Hinton is without the knowledge or sufficient information to either admit or deny any such allegations (as they pertain principally to other named Defendants) and therefore <u>denies</u> each and every allegation contained therein and demands strict proof thereof. Should any of the allegations contained within these Paragraphs be deemed to pertain to Defendant Hinton, all such allegations are denied, and strict proof is demanded thereof.

11. As to Paragraph 126 of the Plaintiffs' complaint, Defendant Hinton admits the allegations set forth.

12. With regard to Paragraph 127 through Paragraph 225, inclusive of all numbered Paragraphs therein, of Plaintiffs' Complaint, to the extent the allegations are asserted as against Defendant Hinton, Defendant Hinton denies each and every such allegation contained therein, and strict proof is demanded thereof.

13. Defendant Hinton <u>vehemently denies the allegations of Paragraphs 226, 227, 227, 228, and 229</u> of the Plaintiffs' Complaint and demands strict proof of each and every allegation contained therein.

14. With regard to Paragraphs 230 through Paragraph 296, inclusive of all numbered Paragraphs therein of Plaintiffs' Complaint, pertain to alleged acts and delicts of other named Defendants for which no response is required by this Defendant. However, to the extent the Court should deem a response is required by Defendant Hinton, Defendant Hinton is without the knowledge or sufficient information either to admit or to deny any such allegations (as they pertain specifically to other named Defendants) and therefore denies each and every allegation contained therein and demands strict proof thereof. Should any of the allegations contained within these Paragraphs be deemed to pertain to Defendant Hinton, all such allegations are denied, and strict proof is demanded thereof.

15. Defendant Hinton <u>vehemently denies the allegations of Paragraphs 297, 298, 299, and 300</u> of the Plaintiffs' Complaint and demands strict proof of each and every allegation contained therein.

16. With regard to Paragraphs 301 through 333, inclusive of all numbered Paragraphs therein of Plaintiffs' Complaint, pertains to alleged acts and deficits of other named Defendants for which no response is required by this Defendant. However, to the extent the Court

should deem a response is required by Defendant Hinton, Defendant Hinton is without the knowledge or sufficient information to either admit or deny any such allegations and therefore <u>denies</u> each and every allegation contained therein and demands strict proof thereof.  Should any of the allegations contained within these Paragraphs be deemed to pertain to Defendant Hinton, all such allegations are denied, and strict proof is demanded thereof.

17. With regard to Paragraph 334 through Paragraph 348, inclusive of all numbered Paragraphs therein, of Plaintiffs' Complaint, to the extent the allegations are asserted as against Defendant Hinton, <u>Defendant Hinton denies each and every allegation contained therein</u>, and strict proof is demanded thereof.

18. With regard to the Prayer for Relief contained in the Plaintiffs' Complaint, to the extent the relief is requested against Defendant Hinton, Defendant Hinton denies that the Plaintiffs, or any of them, are entitled to such relief as against him, strict proof is demanded thereof.

## FOR A SECOND DEFENSE
(Failure to State a Claim Pursuant to South Carolina Rules of Civil Procedure Rule 12(b)(6))

19. All the preceding allegations consistent herewith are again alleged.
20. Pursuant to Rule 12(b)(6), South Carolina Rules of Civil Procedure, the Plaintiffs, and each of them, have failed to state facts sufficient to constitute a cause of action against Defendant Hinton.

## FOR A THIRD DEFENSE
(Statute of Limitations)

21. All the preceding allegations consistent herewith are again alleged.
22. The causes of action as stated by the Plaintiffs, and each of them, as against Defendant Hinton, are time-barred by the applicable Statute of Limitations.

## FOR A FOURTH DEFENSE
(Confrontation Clause)

23. All the preceding allegations consistent herewith are again alleged.

24. Without the identification of the Doe Plaintiffs in this action, Defendant Hinton is unable to determine who has made the allegations against him, counsel is unable to determine if any conflict exists, and Defendant Hinton is unable to prepare an adequate defense in this matter.

## FOR A FIFTH DEFENSE
### (Laches)

25. All the preceding allegations consistent herewith are again alleged.
26. Plaintiffs' claims are barred by the Doctrine of Laches. Due to the passage of time, documents, information, and witnesses are or may no longer be available for proper adjudication of this matter.

## FOR A SIXTH DEFENSE
### (Speculation)

27. All the preceding allegations consistent herewith are again alleged.
28. The damages sought by the Plaintiffs as against Defendant Hinton are entirely speculative in nature, and the Plaintiffs are therefore barred from recovery.

## FOR A SEVENTH DEFENSE
### (Waiver, Consent, Estoppel)

29. All the preceding allegations consistent herewith are again alleged.
30. Plaintiffs' claims are barred by the Doctrines of Waiver, Consent, and Estoppel.

## FOR AN EIGHTH DEFENSE
### (Intervening and Superseding Cause)

31. All the preceding allegations consistent herewith are again alleged.
32. Any damages allegedly sustained by the Plaintiffs, which is denied, were only caused by the acts or omissions of entities or persons other than Defendant Hinton, which acts or omissions constitute the intervening and superseding cause of the Plaintiffs' alleged damages, if any, and bar the Plaintiffs' claims against Defendant Hinton.

## FOR A NINTH DEFENSE
### (Contributory Negligence)

33. All the preceding allegations consistent herewith are again alleged.

34. In recognition of the legal requirement that all affirmative defenses be plead in the answer to the complaint, and because no discovery has been undertaken in this lawsuit, Defendant Hinton alleges that even assuming he was negligent, careless, grossly negligent, willful, wanton or reckless in any respect, and that any such conduct on the Defendant's part operated as a proximate cause of the accident and Plaintiffs' resulting injuries and damages, if any, all of which is expressly denied and admitted solely for the purpose of this defense and no other, that Plaintiffs' negligent, grossly negligent, reckless, willful and wanton conduct, contributed more than fifty percent (50%) to the cause of the accident and Plaintiffs' resulting injuries and damages if any. For that reason, Defendant Hinton is not liable to the Plaintiffs in any sum whatsoever. Defendant Hinton expressly reserves the right to withdraw this defense, or any other defense, in advance of a trial should discovery reveal it to be inapplicable.

## FOR A TENTH DEFENSE
### (Joint and Several Liability)

35. All the preceding allegations consistent herewith are again alleged.

36. In recognition of the legal requirement that all affirmative defenses be plead in the answer to the complaint, and because no discovery has been undertaken in this lawsuit, Defendant Hinton alleges that even if he was negligent, careless, grossly negligent, reckless, willful or wanton in any respect whatsoever, which is expressly denied and admitted solely for the purpose of this defense and no other, and even if any such conduct on their part operated as a fifty percent (50%) or greater cause of the accident and Plaintiffs' resulting injuries and damages, if any, which is expressly denied and admitted solely for the purpose of this defense and no other, they are entitled to a determination as to the percentage which Plaintiffs' negligent, grossly negligent, reckless, willful and wanton conduct, contributed to the accident and to the reduction of any amount awarded to the Plaintiffs in an amount equal to that percentage of Plaintiffs' own negligence, grossly negligent, reckless, willful and wanton conduct.

## FOR AN ELEVENTH DEFENSE
### (Comparative Fault)

37. All the preceding allegations consistent herewith are again alleged.

38. Defendant Hinton alleges that to the extent Plaintiffs sustained any injuries and damages as a result of the matter alleged in the Complaint, which is denied and admitted solely for the purpose of this defense and no other, Defendant Hinton is entitled to a determination of the negligence or fault of any other person or fault or negligence of the other person or entity in addition to any reduction of any award in favor of Plaintiffs by their own comparative fault, who may be responsible for such injures and/or damages, to the assignment or such fault or negligence to such person or entity by the jury at the conclusion of the trial of this case, whether such person or entity is a party to this lawsuit at such time, and to a reduction of any award in favor of Plaintiffs and against Defendant Hinton by such.

## FOR A TWELVETH DEFENSE
### (Mitigation of Damages)

39. All the preceding allegations consistent herewith are again alleged.

40. Defendant Hinton alleges that to the extent Plaintiffs have failed to mitigate Plaintiffs' damages in the manner provided by law, such failure to mitigate constitutes a complete defense and bar to Plaintiffs' causes of action.

## FOR A THIRTEENTH DEFENSE
### (Bar of Punitive Damages under the US Constitution & SC Constitution)

41. All the preceding allegations consistent herewith are again alleged.

42. Any claim on behalf of Plaintiffs for punitive damages is barred by the provisions of the United States Constitution and the South Carolina Constitution.

## FOR A FOURTEENTH DEFENSE
### (Punitive Damages- Jury)

43. All the preceding allegations consistent herewith are again alleged.

7

44. Defendant Hinton asserts an award returned by the jury in this case for punitive damages must be capped in accordance with the provisions of *South Carolina Code Ann. §15-32-530(A) and (B)*.

### FOR A FIFTEENTH DEFENSE
(Punitive Damages - Violation of Fifth and Fourteenth Amendments of US Constitution Article I, and Section 3 of the South Carolina Constitution)

45. All the preceding allegations consistent herewith are again alleged.
46. The Plaintiffs are not entitled to an award of punitive damages because, among other reasons, such damages violate the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that:
    a. The South Carolina judiciary's ability to correct a punitive damages award at the appellate level is inconsistent with due process guarantees;
    b. Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;
    c. To the extent an award of punitive damages is excessive, such an award violates due process guarantees;
    d. The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;
    e. Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness; and
    f. The Plaintiffs' claim for punitive damages violates the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and Article I, Section 3 of the South Carolina Constitution in the amount of punitive damages is based upon the wealth and status of the Defendants.

### FOR A SIXTEENTH DEFENSE
(Discovery)

47. All the preceding allegations consistent herewith are again alleged.

48. Defendant Hinton asserts that because the parties have not conducted discovery, if, during the course of this litigation, new information becomes available which allows Defendant to assert additional defenses, Defendant reserves the right to do so.

## FOR A SEVENTEENTH DEFENSE
(Sole Negligence of Plaintiffs)

49. All the preceding allegations consistent herewith are again alleged.
50. Defendant Hinton would further show, upon information and belief, that any losses, injuries, and/or damages sustained by the Plaintiffs, without admitting the Plaintiffs were injured and/or damaged, were directly and proximately caused by the sole negligence, willfulness, carelessness, and/or recklessness of the Plaintiffs or their privies is a complete bar to recovery from the Defendant.

## FOR A EIGHTEENTH DEFENSE
(Proximate Clause)

51. All the preceding allegations consistent herewith are again alleged.
52. Defendant Hinton would further show, upon information and belief, that no acts or omissions on the part of this Defendant were the proximate cause or cause in fact of some or all damages allegedly suffered by the Plaintiffs (the existence of such damages being denied). Therefore, the Plaintiffs' action is barred in whole or in part.

## FOR A NINETEENTH DEFENSE
(Alleged Damages Caused by Third-Party)

53. All the preceding allegations consistent herewith are again alleged.
54. Defendant Hinton would further show, upon information and belief, that some or all damages allegedly sustained by the Plaintiffs (the existence of such damages being denied) were a direct or proximate result of the acts or omissions of another party or parties over whom Defendant Hinton had no control or duty to control. Defendant Hinton pleads the acts of another party or parties as a complete defense to all claims.

## FOR A TWENTIETH DEFENSE
### (Assumption of Risk)

55. All the preceding allegations consistent herewith are again alleged.

56. Defendant Hinton would further show, upon information and belief, that the Plaintiffs (or their privies on their behalf) assumed the risk of loss, which assumption of risk constitutes a complete bar to this action.

## FOR A TWENTY-FIRST DEFENSE
### (Consent)

57. All the preceding allegations consistent herewith are again alleged.

58. Defendant Hinton would further show, upon information and belief, that any injuries or damages sustained by Plaintiffs, all of which are denied by the Defendant, were (a) caused by the Plaintiffs' or their privies own conduct and are barred in whole or in part because the Plaintiffs or their privies consented to and/or initiated such conduct and/or (b) waived either expressly or impliedly by the Plaintiffs' or their privies' own conduct.

## FOR A TWENTY-SECOND DEFENSE
### (Criminal Conduct)

59. All the preceding allegations consistent herewith are again alleged.

60. Defendant Hinton would further show, upon information and belief, that to the extent it is alleged that the Plaintiffs' injuries or damages (which is specifically denied), such conduct was beyond the control of Defendant Hinton, was not intended by Defendant Hinton, could not reasonably have been foreseen by Defendant Hinton, and was not authorized or ratified by Defendant Hinton. Any casual connection between any alleged negligence of Defendant Hinton and any injuries or damages to the Plaintiffs are, therefore, broken to the extent that such injuries or damages (which are denied) resulted from willful, malicious, or criminal conduct.

## FOR A TWENTY-THIRD DEFENSE
### (Parol Evidence Rule)

61. All the preceding allegations consistent herewith are again alleged.

62. Defendant Hinton would further show, upon information and belief, that with regard to some or all causes of action appearing in the Complaint, the Plaintiffs' claims are barred, in whole or in part, by the parol evidence rule.

## FOR A TWENTY-FOURTH DEFENSE
### (Compliance with Standard of Care)

63. All the preceding allegations consistent herewith are again alleged.

64. Defendant Hinton would further show, upon information and belief, that at all times relevant to the allegations of the Complaint, the conduct of Defendant Hinton and its agents or employees conformed to, and was in full compliance with, the standard of care expected of similar individuals and institutions in South Carolina. All of the conduct of Defendant Hinton and its agents and employees was within the acceptable standards and methods and at no time did Defendant Hinton or its agents or employees deviate from the standard of care with respect to the plaintiffs. Thus, the Plaintiffs' claims are barred.

## FOR A TWENTY-FIFTH DEFENSE
### (Good Faith)

65. All the preceding allegations consistent herewith are again alleged.

66. Defendant Hinton would further show, upon information and belief, that at all times relevant to the allegations of the Complaint, Defendant Hinton acted in good faith and in a reasonable manner.

## FOR A TWENTY-SIXTH DEFENSE
### (No Concrete Financial Loss)

67. All the preceding allegations consistent herewith are again alleged.

68. Defendant Hinton would further show, upon information and belief, that Plaintiffs' RICO claim fails because they did not suffer a concrete financial loss in that neither their business nor their property were injured as a result of the alleged RICO violation(s).

## FOR A TWENTY-SEVENTH DEFENSE
### (Failure of Negligent Security Claim)

69. All the preceding allegations consistent herewith are again alleged.
70. Defendant Hinto would further show, upon information and belief, that the Plaintiffs' claim for negligent security fails because no such claim is recognized in South Carolina and the claim is duplicative and included within other causes of action.

## FOR A TWENTY-EIGHTH DEFENSE
### (Failure of Conspiracy Claim)

71. All the preceding allegations consistent herewith are again alleged.
72. Defendant Hinton would further show, upon information and belief, that the Complaint fails to plead additional acts in furtherance of the alleged conspiracy but, instead, merely restates the allegations of its other causes of action and characterizes them as a conspiracy.

## FOR A TWENTY-NINTH DEFENSE
### (Substantial Compliance)

73. All the preceding allegations consistent herewith are again alleged.
74. Defendant Hinton would further show, upon information and belief, that to the extent there were valid and enforceable contracts between the Plaintiffs and Defendant Hinton, Defendant Hinton substantially complied with its obligations under the contracts and did not breach any agreement with the Plaintiffs.

## FOR A THIRTIETH DEFENSE
### (Statute of Frauds)

75. All the preceding allegations consistent herewith are again alleged.
76. Defendant Hinton would further show, upon information and belief, that to the extent there were valid and enforceable contracts between the Plaintiffs and Defendant Hinton, the Plaintiffs' claims are barred, in whole or in part, by the statute of frauds.

## FOR A THIRTY-FIRST DEFENSE
### (Pleading Failure)

77. All the preceding allegations consistent herewith are again alleged.

78. Defendant Hinton would further show, upon information and belief, that with regard to some or all of the causes of action appearing in the Complaint, the Plaintiffs' claims are barred, in whole or in part, because of the failure to plead with sufficient particularity and/or specificity as required under Rule 9, SCRCP, and the statutes applicable to the causes of action.

## FOR A THIRTY-SECOND DEFENSE
### (Punitive Damages- *Cooper v Leatherman*)

79. All the preceding allegations consistent herewith are again alleged.

80. Defendant Hinton would further show, upon information and belief, that pursuant to *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), if punitive damages are recoverable, which is denied, the amount of punitive damages "is not really a fact tried by the jury." *Id.* at 437 (citation and quotation marks omitted). Therefore, the Plaintiffs' request for punitive damages to be determined by the jury violated the United States Constitution.

## FOR A THIRTY-THIRD DEFENSE
### (Limitation on Punitive Damages)

81. All the preceding allegations consistent herewith are again alleged.

82. Defendant Hinton would further show, upon information and belief, that any award of punitive damages is subject to the limitations set forth in *S.C. Code Ann. § 15-32-530*.

## FOR A THIRTY-FORTH DEFENSE
### (Bifurcation/ Clear and Convincing Evidence)

83. All the preceding allegations consistent herewith are again alleged.

84. Defendant Hinton would further show, upon information and belief, that the Plaintiffs' request for punitive damages is subject to the provisions of *S.C. Code Ann. § 15-32-520*, including but not limited to the requirement for a bifurcated trial and the clear and convincing evidence standard of proof.

## FOR A THIRTY-FIFTH DEFENSE
### (Apportionment)

85. All the preceding allegations consistent herewith are again alleged.
86. Defendant Hinton reserves and asserts all rights under *S.C. Code Ann. § 15-38-15* to the extent it bars, limits, or apportions any fault or recovery herein.

## FOR A THIRTY-SIXTH DEFENSE
### (Contribution and Indemnity)

87. All the preceding allegations consistent herewith are again alleged.
88. Defendant Hinton would further show, upon information and belief, that if it is liable to the Plaintiffs (which is specifically denied), then other potentially parties would be liable to it in contribution or indemnity. Defendant Hinton plead the doctrines of contribution and indemnity as a defense in this action.

## FOR A THIRTY-SEVENTH DEFENSE
### (Election of Remedies)

89. All the preceding allegations consistent herewith are again alleged.
90. Defendant Hinton would further show, upon information and belief, that the Plaintiffs' will be subject to an election of remedies should they prevail on more than one of their causes of action.

## FOR A THIRTY-EIGHTH DEFENSE
### (Rule 10(a), Fed. R. Civ. P.)

91. All the preceding allegations consistent herewith are again alleged.
92. Defendant Hinton would further show, upon information and belief, that the Complaint does not comply with Rule 10(a), Fed. R. Civ. P., and thus the court lacks jurisdiction over the Plaintiffs. However, Defendant Hinton acknowledges that, in light of their allegations (which are denied), the plaintiffs have legitimate privacy interests, and thus Defendant Hinton will not oppose the entry of an order authorizing the Plaintiffs to proceed anonymously.

## FOR A THIRTY-NINTH DEFENSE
### (Incorporation of Defenses)

93. All the preceding allegations consistent herewith are again alleged.

94. Defendant Hinton incorporates by reference any and all additional relevant and/or applicable defenses asserted in any Answers to the Complaint which have been filed or may be filed by other Defendants.

## FOR A FORTIETH DEFENSE
### (Right to Amend)

95. All the preceding allegations consistent herewith are again alleged.

96. Defendant Hinton does not waive, expressly reserves, and hereby asserts as if fully set forth herein all other statutory and common law defenses, including all affirmative defenses, not previously set forth above.  Further, Defendant Hinton expressly reserves the right to amend his Answer to assert such other and further defenses, counterclaims, crossclaims, or third-party claims as may, through the course of discovery, be deemed necessary and proper for this matter.

## FOR A FORTY-FIRST DEFENSE
### (Attorneys' Fees Not Recoverable)

97. All the preceding allegations consistent herewith are again alleged.

98. Defendant Hinton would further show, upon information and belief, that some or all of the causes of action in the Complaint fail to state a claim against Defendant Hinton upon which the Plaintiffs can recover attorneys' fees.

## AS TO FURTHER DEFENSES AND CLAIMS

99. Defendant Hinton places the plaintiffs on notice that it will subsequently move to amend this Answer should it appear through discovery or continued fact investigation that additional defenses and/or claims are available.

WHEREFORE, having fully answered, Defendant Christopher Hinton prays that this Court grants the following relief:

1. That the Plaintiffs' Complaint be dismissed with prejudice, with costs; and
2. For such other and further relief, this Court may deem just and proper.

                              Respectfully Submitted,

                              /s/ James Stone Craven
                              James Stone Craven, Esq.
                              SC Bar No. 69847
                              600 E Washington Street
                              Suite 620
                              Greenville SC 29601
                              T: (864) 729-8722
                              F: (864) 236-8798
                              jamesstonecraven@gmail.com
                              stoney@stoneycraven.com
                              November 28, 2022

                              *Attorney for Defendant Christopher Hinton*

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and paper copies will be sent to those indicated as non-registered participants on December 9, 2022.

/s/James Stone Craven
James Stone Craven