*Jane Doe 1, et al. v. Varsity Brands, LLC, et al.*
Case No. 6:22-cv-02957-HMH
*Jane Doe 8 v. Varsity Brands, LLC, et al.*
Case No. 6:22-cv-03508-HMH
*Jane Doe 9 v. Varsity Brands, LLC, et al.*
Case No. 6:22-cv-03509-HMH
*John Doe 3 v. Varsity Brands, LLC, et al.*
Case No. 6:22-cv-03510-HMH

# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of South Carolina

| | |
|---|---|
| Jane Doe 1, Jane Doe 2, Jane Doe 3, et al. | )<br>) |
| *Plaintiff* | ) |
| v. | ) |
| Varsity Brands, LLCC; Varsity Spirit, LLC, Varsity<br>Brands Holding Company, Inc., et al. | )<br>) |
| *Defendant* | ) |

Civil Action No. 6:22-cv-02957-HMH

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
GOOGLE, LLC
Corporation Service Company, 508 Meeting Street, West Columbia, South Carolina 29169

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attachment A for requests for production.

| Place: McGowan Hood Felder & Phillips, LLC<br>1539 Health Care Drive<br>Rock Hill, SC 29732 | Date and Time:<br><br>September 18, 2023 |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Jane Doe 1
_____ , who issues or requests this subpoena, are:

1539 Health Care Drive, Rock Hill, SC 29732; (803) 327-7800; rhood@mcgowanhood.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. **6:22-cv-02957-HMH**

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0   .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                            *Server's signature*

                                            _____
                                            *Printed name and title*

                                            _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

*a. Definitions and Instructions*

As used herein, the following words shall have the meanings indicated:

1. "Document" shall mean any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts thereof, and including but not limited to: papers, book, letters, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, intra-corporate communications, calendar or diary entries, appointment books, minutes, transcripts, agendas, reports, and recordings of telephone or other conversations, or of interviews, or of conferences or other meetings, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, lists, tabulations, all other records kept by electronic, photographic or mechanical means, things similar to the foregoing, however denominated, "writings" and "recordings" as defined in Rule 1001(1) of the Federal Rules of Evidence, and other documents as defined or contemplated in Rule 34 of the Federal Rules of Civil Procedure

2. You," "Your," and/or "the Company," refers to the company and/or entity subject to this subpoena, and any employees, executives, affiliates, subsidiaries, or assigns, and includes counsel for the subject Company.

3. "And" and "or" as used herein are both conjunctive and disjunctive.

4. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each".

5. "Any" shall be construed to include "all", and "all" shall be construed to include "any".

6. Where the context herein makes it appropriate, each singular word shall include its plural and each plural word shall include its singular.

7. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense.

8. "Pertaining to", "relating to", "pertain to", or "relate to" mean referring to, relating to, alluding to, responding to, discussing, commenting upon, showing, disclosing, analyzing, reporting about, explaining, mentioning, constituting, compromising, evidencing, setting forth, containing, summarizing or characterizing, either directly or indirectly, in whole or in part, the given subject matter.

9. Unless specifically set forth herein, these requests seek information from January 1, 2015 to present;

10. These requests seeks information pertaining and related to Civil Action Nos. 6:22-cv-02957-HMH; 6:22-03508-HMH; 6:22-cv-03509-HMH; and 6:22-cv-03510-HMH, pending in the District of South Carolina, Greenville Division before the Honorable

Henry M. Herlong, Senior District Court Judge, which contain allegations of abuse and misconduct against the Plaintiffs, Jane Does 1-9 and John Does 1-3.

b. *Requests*

Please produce the following information, documents, content, material, media or medium regarding any account in the name of the following individuals and/or entities or any handles associated with same:

Scott Foster of Greenville, South Carolina

Katherine Ann Foster of Greenville, South Carolina

Kenny Feeley

Trayevon Black

Peter Holley

Jarred Carruba

Christopher Hinton

Josh Guyton

Nathan Allan Plank

Rockstar Greenville South Carolina

Rockstar Cheer

U.S. All-Star Federation

Safe@Allstar

Varsity Spirit

Varsity AllStar

Varsity Brands

Varsity Brands Holding, Co.

1. **Any Illegal Content associated with the person**: Content that violates the law, including child sexual abuse material (CSAM), is prohibited on all Google platforms. Google collaborates with law enforcement agencies and non-governmental organizations around the world to report and combat the distribution of this material. Please produce any such illegal content for any persons named above.

2. **Any Automatic Detection associated with his person**: Google uses advanced technologies to automatically detect and report inappropriate and illegal content, especially CSAM. If someone tries to use Google's platforms to share this kind of material, the company can report them to the relevant authorities.

3. **Any Account Termination associated with this person**: Google's terms of service grant the company the right to suspend or terminate accounts that violate their policies or the law. If someone is found to be distributing or promoting illegal content, their account can be suspended or permanently banned.

4. **Any Collaboration with NGOs and Law Enforcement associated with this person**: Google collaborates with NGOs and governmental bodies like the National Center for Missing & Exploited Children (NCMEC) in the US to report instances of CSAM and take action against the perpetrators.

5. **Any SafeSearch and Filters associated with this person**: For its search engine, Google provides features like SafeSearch, which help filter out explicit content from search results. While this is mostly used for filtering out adult content in general, it also plays a role in ensuring illegal content doesn't appear in search results.

6. **Any Reporting Mechanisms associated with this person**: Google provides mechanisms for users to report inappropriate or illegal content they come across on Google platforms.

7. **Any Prevention and Education associated with this person**: Google also undertakes efforts to educate users about online safety, child protection, and ways to report any suspicious activities they encounter.

8. **Any Account Information associated with this person**: This includes basic details such as your name, email address, phone number, and password that you use to create a Google account.

9. **Any Search History associated with this person**: Google records the searches you make when you're signed into your Google account, unless you've paused your search history.

10. **Any Location Data associated with this person**: If you use services like Google Maps or have location services enabled on your device, Google may collect and store location data.

11. **Any Usage Data associated with this person**: Information about how you use Google services, such as watching history on YouTube, visited websites on Chrome (if you sync your browsing history), and interactions with content and ads.

12. **Any Device Information associated with this person**: Details about the devices where you use Google services, including hardware models, operating system, unique device identifiers, and network information.

13. **Any Apps and Services associated with this person**: Data about apps, browsers, and devices you use to access Google services, including the IP address, crash reports, system activity, and the date, time, and URL of your request.

14. **Any Gmail Data associated with this person**: Emails you send and receive through Gmail, including recipients and senders' addresses, date and time stamps, and the content of those emails.

15. **Any Contacts associated with this person**: If you use Google Contacts, it will have the contact information you've saved.

16. **The contents of the Google Drive associated with this person**: Documents, photos, videos, and other files that you save in Google Drive.

17. **All Photos and Videos associated with this person**: Media you upload to Google Photos.

18. **Any Voice Commands associated with this person**: If you use Google Assistant or Voice Search, your voice commands are recorded and can be stored.

19. **Any Activity on Third-Party Sites associated with this person**: If you use Google to log into third-party sites or if these sites use Google advertising or analytics services, some of your activity on these sites might be collected.

20. **Any Cookies and Tracking associated with this person**: Google uses cookies and similar technologies to track your online behavior and preferences.

21. **All information and documents from YouTube associated with this person**: Your watch history, uploaded videos, comments, likes, and subscriptions.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of South Carolina

| | |
|---|---|
| Jane Doe 1, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.  6:22-02957-HMH |
| Varsity Spirit, LLC, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Meta Platforms, Inc.; c/o Corporation Service Company dba CSC-Lawyers Incorporating Service, Inc., Reg. Agent
2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
        See Attachment A

| Place: | Date and Time: |
|---|---|
| Strom Law Firm, LLC | |
| 6923 N. Trenholm Rd., Suite 200, Columbia, SC 29206 | 09/12/2023 10:00 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/22/2023

|  *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | s/ Jessica L. Fickling, Fed. ID No. 11403 |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Jane Doe 1, et al.
_____, who issues or requests this subpoena, are:
Jessica L. Fickling, 6923 N. Trenholm Rd., Suite 200, Columbia, SC 29206; (803) 252-4800; jfickling@stromlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  6:22-02957-HMH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### A. DEFINITIONS AND INSTRUCTIONS

As used herein, the following words shall have the meanings indicated:

1. "Document" shall mean any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts thereof, and including but not limited to: papers, book, letters, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, intra-corporate communications, calendar or diary entries, appointment books, minutes, transcripts, agendas, reports, and recordings of telephone or other conversations, or of interviews, or of conferences or other meetings, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, lists, tabulations, all other records kept by electronic, photographic or mechanical means, things similar to the foregoing, however denominated, "writings" and "recordings" as defined in Rule 1001(1) of the Federal Rules of Evidence, and other documents as defined or contemplated in Rule 34 of the Federal Rules of Civil Procedure

2. You," "Your," and/or "the Company," refers to the company and/or entity subject to this subpoena, and any employees, executives, affiliates, subsidiaries, or assigns, and includes counsel for the subject Company.

3. "And" and "or" as used herein are both conjunctive and disjunctive.

4. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each".

5. "Any" shall be construed to include "all", and "all" shall be construed to include "any".

6. Where the context herein makes it appropriate, each singular word shall include its plural and each plural word shall include its singular.

7. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense.

8. "Pertaining to", "relating to", "pertain to", or "relate to" mean referring to, relating to, alluding to, responding to, discussing, commenting upon, showing, disclosing, analyzing, reporting about, explaining, mentioning, constituting, compromising, evidencing, setting forth, containing, summarizing, or characterizing, either directly or indirectly, in whole or in part, the given subject matter.

9. Unless specifically set forth herein, these requests seek information from January 1, 2015 to present;

10. These requests seeks information pertaining and related to Civil Action Nos. 6:22-cv-02957-HMH; 6:22-03508-HMH; 6:22-cv-03509-HMH; and 6:22-cv-03510-HMH, pending in the District of South Carolina, Greenville Division before the Honorable Henry M. Herlong, Senior District Court Judge, which contain allegations of abuse and misconduct against the Plaintiffs, Jane Does 1-9 and John Does 1-3.

## B. IDENTIFICATION OF SPECIFC PERSONS TO SEARCH FOR REQUESTED DOCUMENTS OR INFORMATION

Scott Foster of Greenville, South Carolina

Katherine Ann Foster of Greenville, South Carolina

Jeff Webb

Kenny Feeley

Trayevon Black

Peter Holley/Peter@acxcheer.com

Jarred Carruba

Christopher Hinton/Christopher_hinton/#tumblelikehinton

Josh Guyton/SCjoshguyton17

Nathan Allan Plank

Rockstar Greenville South Carolina

Rockstar Cheer

U.S. All-Star Federation

Safe@Allstar

Varsity Spirit

Varsity AllStar

@Varsity_brands

@bsnsports

@herffjones

## C. **SPECIFC INFORMATION AND/OR DOCUMENTS REQUESTED**

Please produce the following information, documents, content, material, media or medium regarding any account in the name of the above  individuals and/or entities or any handles associated with same:

1. Any Illegal Content associated with each specifically named person;

2. Any Automatic Detection associated with this person or individual;

3. Any documents signifying or justifying Account Termination associated with this person;

4. Any correspondence, communications, and/or collaborations between you and any NGOs (non-governmental organizations) and Law Enforcement associated with this person, entity, or account;

5. Any SafeSearch or other filters specifically intended to identify and prevent explicit content associated with this person, entity, or account;

6. Any reports generated related to this person, entity, and/or account any explicit content;

7. Any Account Information associated with this person, entity, or account including basic details such as a name, email address, phone number, and other demographic or contact information;

8. Any Search History associated with this person;

9. Any Location Data associated with this person;

10. Any Usage Data associated with this person;

11. Any Device Information associated with this person;

12. Any direct messages sent or received by this person, entity, or account;

13. Any accounts followed by this account, entity, or person;

14. Any posts (including deleted posts) for this account, entity, or person;

15. All Photos and Videos associated with this person, entity, or account;

16. Any Activity on Third-Party Sites associated with this person.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of South Carolina

| | | |
|---|---|---|
| Jane Doe 1, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 6:22-02957-HMH |
| Varsity Spirit, LLC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Snapchat, Inc.; c/o Corporation Service Company dba CSC-Lawyers Incorporating Service, Inc., Reg. Agent
2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

   See Attachment A

| Place: Strom Law Firm, LLC<br>6923 N. Trenholm Rd., Suite 200, Columbia, SC 29206 | Date and Time:<br>09/12/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/22/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | s/ Jessica L. Fickling, Fed. ID No. 11403 |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Jane Doe 1, et al.
, who issues or requests this subpoena, are:

Jessica L. Fickling, 6923 N. Trenholm Rd., Suite 200, Columbia, SC 29206; (803) 252-4800; jfickling@stromlaw.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  6:22-02957-HMH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                         _____
                                              *Printed name and title*

                                         _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### A. DEFINITIONS AND INSTRUCTIONS

As used herein, the following words shall have the meanings indicated:

1. "Document" shall mean any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts thereof, and including but not limited to: papers, book, letters, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, intra-corporate communications, calendar or diary entries, appointment books, minutes, transcripts, agendas, reports, and recordings of telephone or other conversations, or of interviews, or of conferences or other meetings, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, lists, tabulations, all other records kept by electronic, photographic or mechanical means, things similar to the foregoing, however denominated, "writings" and "recordings" as defined in Rule 1001(1) of the Federal Rules of Evidence, and other documents as defined or contemplated in Rule 34 of the Federal Rules of Civil Procedure

2. You," "Your," and/or "the Company," refers to the company and/or entity subject to this subpoena, and any employees, executives, affiliates, subsidiaries, or assigns, and includes counsel for the subject Company.

3. "And" and "or" as used herein are both conjunctive and disjunctive.

4. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each".

5. "Any" shall be construed to include "all", and "all" shall be construed to include "any".

6. Where the context herein makes it appropriate, each singular word shall include its plural and each plural word shall include its singular.

7. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense.

8. "Pertaining to", "relating to", "pertain to", or "relate to" mean referring to, relating to, alluding to, responding to, discussing, commenting upon, showing, disclosing, analyzing, reporting about, explaining, mentioning, constituting, compromising, evidencing, setting forth, containing, summarizing, or characterizing, either directly or indirectly, in whole or in part, the given subject matter.

9. Unless specifically set forth herein, these requests seek information from January 1, 2015 to present;

10. These requests seeks information pertaining and related to Civil Action Nos. 6:22-cv-02957-HMH; 6:22-03508-HMH; 6:22-cv-03509-HMH; and 6:22-cv-03510-HMH, pending in the District of South Carolina, Greenville Division before the Honorable Henry M. Herlong, Senior District Court Judge, which contain allegations of abuse and misconduct against the Plaintiffs, Jane Does 1-9 and John Does 1-3.

## B. **IDENTIFICATION OF SPECIFC PERSONS TO SEARCH FOR REQUESTED DOCUMENTS OR INFORMATION**

Scott Foster of Greenville, South Carolina

Katherine Ann Foster of Greenville, South Carolina

Jeff Webb

Kenny Feeley

Trayevon Black

Peter Holley/Peter@acxcheer.com

Jarred Carruba

Christopher Hinton/Christopher_hinton/#tumblelikehinton

Josh Guyton/SCjoshguyton17

Nathan Allan Plank

Rockstar Greenville South Carolina

Rockstar Cheer

U.S. All-Star Federation

Safe@Allstar

Varsity Spirit

Varsity AllStar

@Varsity_brands

@bsnsports

@herffjones

## C.  <u>SPECIFC INFORMATION AND/OR DOCUMENTS REQUESTED</u>

Please produce the following information, documents, content, material, media or medium regarding any account in the name of the above  individuals and/or entities or any handles associated with same:

1. Any Illegal Content associated with each specifically named person;

2. Any Automatic Detection associated with this person or individual;

3. Any documents signifying or justifying Account Termination associated with this person;

4. Any correspondence, communications, and/or collaborations between you and any NGOs (non-governmental organizations) and Law Enforcement associated with this person, entity, or account;

5. Any SafeSearch or other filters specifically intended to identify and prevent explicit content associated with this person, entity, or account;

6. Any reports generated related to this person, entity, and/or account any explicit content;

7. Any Account Information associated with this person, entity, or account including basic details such as a name, email address, phone number, and other demographic or contact information;

8. Any Search History associated with this person;

9. Any Location Data associated with this person;

10. Any Usage Data associated with this person;

11. Any Device Information associated with this person;

12. Any direct messages sent or received by this person, entity, or account;

13. Any accounts followed by this account, entity, or person;

14. Any posts (including deleted posts) for this account, entity, or person;

15. All Photos and Videos associated with this person, entity, or account;

16. Any Activity on Third-Party Sites associated with this person.