IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4, Jane Doe 5, Jane Doe 6, Jane Doe 7, John Doe 1, John Doe 2, and John and Jane Does 1-100,<br>          Plaintiffs,<br><br>vs.<br><br>Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Brands Holding Company, Inc.; U.S. All Star Federation; Jeff Webb; Rockstar Cheer & Dance, Inc.; Katherine Anne Foster, as the personal representative of the Estate of Scott Foster; Kathy Foster, individually; Kenny Feeley; Josh Guyton; Nathan Allan Plank; Christopher Hinton; Tracy a/k/a or f/k/a Traevon Black; Peter Holley; and other Unknown Defendants,<br>          Defendants. | **C.A. No. 6:22-2957-HMH**<br><br>**OPINION AND ORDER** |
| Jane Doe 8,<br>          Plaintiff,<br><br>vs.<br><br>Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Brands Holding Company, Inc.; U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation; Jeff Webb, individually; Rockstar Cheer & Dance, Inc.; Katherine Anne Foster, as the personal representative of the Estate of Scott Foster; Kathy Foster, individually; Josh Guyton; Christopher Hinton; Traevon Black a/k/a Trey Black n/k/a Tracey Black; and other unknown defendants,<br>          Defendants. | **C.A. No. 6:22-3508-HMH** |

1

| | | |
|---|---|---|
| Jane Doe 9, | ) | |
|                Plaintiffs, | ) | **C.A. No. 6:22-3509-HMH** |
| | ) | |
| vs. | ) | |
| | ) | |
| Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Brands Holding Company, Inc.; Jeff Webb, individually; Rockstar Cheer & Dance, Inc.; Katherine Anne Foster, as the personal representative of the Estate of Scott Foster; Kathy Foster, individually; Josh Guyton; Traevon Black a/k/a Trey Black n/k/a Tracey Black; and other unknown defendants, | ) ) ) ) ) ) ) ) ) | |
|                Defendants. | ) | |

| | | |
|---|---|---|
| John Doe 3, | ) | |
| | ) | **C.A. No. 6:22-3510-HMH** |
|                Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Brands Holding Company, Inc.; Jeff Webb, individually; Rockstar Cheer & Dance, Inc.; Katherine Anne Foster, as the personal representative of the Estate of Scott Foster; Kathy Foster; Traevon Black a/k/a Trey Black n/k/a Tracey Black; Jarred Carruba; and other unknown defendants, | ) ) ) ) ) ) ) ) ) | |
|               Defendants. | ) | |

Before the court are Defendants Rockstar Cheer & Dance, Inc. ("Rockstar") and Kathy Foster's motions for partial dismissal or for partial judgment on the pleadings under Federal Rules of Civil Procedure 12(b)(6) and 12(c). For the reasons below, the court grants Defendants' motions in their entirety.

## I. BACKGROUND

Plaintiffs in these four consolidated actions are former youth cheerleaders who allege that they were sexually abused by coaches employed by Rockstar, a now-closed South Carolina gym that was owned and operated by Kathy Foster and her late husband, Defendant Scott Foster. Background on the competitive cheerleading industry and Plaintiffs' allegations of abuse is set forth in the court's earlier orders. Doe 1 v. Varsity Brands, LLC, No. 6:22-2957-HMH, 2023 WL 4088483, at *1-5 (D.S.C. June 20, 2023); Doe 8 v. Varsity Brands, LLC, No. 6:22-3508-HMH, 2023 WL 4088326, at *3 (D.S.C. June 20, 2023); Doe 9 v. Varsity Brands, LLC, No. 6:22-3509-HMH, 2023 WL 4088098, at *3 (D.S.C. June 20, 2023); Doe 3 v. Varsity Brands, LLC, No. 6:22-3510-HMH, 2023 WL 4088327, at *3 (D.S.C. June 20, 2023).

All twelve Plaintiffs assert claims against Rockstar and Kathy Foster for gross negligence, negligent supervision, civil conspiracy, and for violations of the Child Abuse Victims' Rights Act of 1986 ("CAVRA"), 18 U.S.C. § 2255; the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d); and the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-20. Plaintiffs also assert claims against Rockstar for assault, battery, unjust enrichment, fraud, and negligent security.

On August 15, 2023, Rockstar and Kathy Foster filed the instant motions to dismiss Plaintiffs' CAVRA, RICO, SCUTPA, assault, battery, fraud, and civil conspiracy claims. (Rockstar & Kathy Foster Mot. Dismiss, ECF No. 253 (2957 case); ECF No. 172 (3508 case); ECF No. 155 (3509 case); ECF No. 164 (3510 case).) Plaintiffs responded in opposition on August 29, 2023. (Resp. Opp'n Rockstar & Kathy Foster Mot. Dismiss, ECF No. 262 (2957 case); ECF No. 181 (3508 case); ECF No. 164 (3509 case); ECF No. 171 (3510 case).) Rockstar and Kathy Foster filed their replies on September 5, 2023. (Rockstar & Kathy Foster Reply,

ECF No. 266 (2957 case); ECF No. 185 (3508 case); ECF No. 168 (3509 case); ECF No. 175 (3510 case).)  This matter is now ripe for consideration.[1]

## II. Legal Standards

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  "'[D]etailed factual allegations'" are not required, but the plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555).  In reviewing the complaint, the court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018).

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c).  The court assesses a motion for judgment on the pleadings "under the same standards as a motion to dismiss under Rule 12(b)(6)." Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013).

---

[1] Because Plaintiffs have filed what appears to be the same omnibus response in each of the cases, the court cites only to the parties' briefs in the 2957 case.

### III. DISCUSSION

As an initial matter, Plaintiffs have consented to the dismissal of their RICO, SCUTPA, fraud, and civil conspiracy claims against Rockstar and Kathy Foster. (Resp. Opp'n Rockstar & Kathy Foster Mot. Dismiss 9, ECF No. 262 (2957 case).) Thus, the court will address only Plaintiffs' CAVRA, assault, and battery claims.

### A. CAVRA Claims Under 18 U.S.C. § 2255

Section 2255 provides a private cause of action for "[a]ny person who, while a minor, was a victim of a violation of [18 U.S.C. §§] 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 . . . and who suffers personal injury as a result of such violation . . . ." 18 U.S.C. § 2255(a). Plaintiffs' pleadings cite §§ 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, and 2423[2] as predicate offenses. (2957 Am. Compl. ¶ 346, ECF No. 8); (3508 Compl. ¶ 237, ECF No. 1); (3509 Compl. ¶ 237, ECF No. 1); (3510 Compl. ¶ 230, ECF No. 1.) Now, in opposing Kathy Foster and Rockstar's motions, Plaintiffs address only §§ 2422(a), 2423(a), and 1591. As explained below, Plaintiffs' § 2255 claims fail for several reasons.

To begin, Plaintiffs may not rely on § 1591 as a predicate offense because that statute is not mentioned in the four complaints.[3]  See, e.g., Equity in Athletics, Inc. v. Dep't of Educ., 504

---

[2] The court assumes that Plaintiffs' reference to 18 U.S.C. § 2223 is a typographical error.

[3] Even if the court were to consider this new ground for relief, Plaintiffs have not sufficiently alleged how Rockstar or Kathy Foster violated § 1591. For one thing, Plaintiffs have failed to allege the occurrence of a "commercial sex act," which is defined as "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3). Although this term has been interpreted broadly, see, e.g., Eckhart v. Fox News Network, LLC, No. 20-CV-5593 (RA), 2021 WL 4124616, at *9 (S.D.N.Y. Sept. 9, 2021) (unpublished) (collecting cases for the proposition that promises of career advancement qualify as "thing[s] of value"), there are no allegations that the alleged sex acts in these cases were

F. Supp. 2d 88, 111 (W.D. Va. 2007) ("[N]ew legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs."); K.D. v. White Plains Sch. Dist., 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013) ("Plaintiffs cannot amend their complaint by asserting new . . . theories for the first time in opposition to Defendants' motion to dismiss."); Anderson v. Aset Corp., 329 F. Supp. 2d 380, 383 (W.D.N.Y. 2004) ("[A] memorandum of law is not a proper vehicle for rewriting or amending the complaint."); Williams v. Spencer, 883 F. Supp. 2d 165, 181 n.8 (D.D.C. 2012) ("Where the amended complaint does not make a claim, plaintiff cannot add a new claim through an opposition brief."). In addition, two of the Plaintiffs – Jane Does 4 and 6 – cannot bring a CAVRA claim because both were over eighteen years old when the alleged abuse occurred. (2957 Am. Compl. ¶¶ 282, 306, ECF No. 8); 18 U.S.C. § 2256(1) (defining "minor" as "any person under the age of eighteen years"). As for the remaining ten Plaintiffs, the court finds that none has a stated a plausible violation of §§ 2422(a) or 2423(a).

Section 2422(a) makes it illegal to "knowingly persuade[], induce[], entice[], or coerce[] any individual to travel in interstate . . . commerce . . . to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempt[] to do so." 18 U.S.C. § 2242(a). Section 2423(a), meanwhile, makes it an offense to "knowingly transport[] an individual who has not attained the age of 18 years in interstate . . . commerce . . . with intent

---

causally connected to the exchange of something of value, see Doe v. Fitzgerald, No. CV 20-10713-MWF (RAOx), 2022 WL 425016, at *6 (C.D. Cal. Jan. 6, 2022) (unpublished) (rejecting argument "that 'sexual gratification' alone is a 'thing of value' under the definition of a 'commercial sex act'"); Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc., No. 10-CV-4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) (unpublished) (holding that the sexual abuse of plaintiffs who had been forced to become the "spiritual wives" of a church leader did not amount to commercial sex acts because there was "no evidence of a causal relationship between the sex acts and the payment of [plaintiffs' living] expenses").

that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2423(a).

John Does 2 and 3 and Jane Does 5, 7, and 8 have not sufficiently alleged a § 2422(a) or § 2423(a) violation because, on the facts alleged, these Plaintiffs were not subjected to illegal sexual conduct after crossing state lines. (2957 Am. Compl. ¶¶ 228-43, 299-305, 317-38, ECF No. 8) (describing alleged sexual abuse and illegal sexual activity that took place wholly in South Carolina); (3508 Compl. ¶¶ 214-29, ECF No. 1) (same); (3510 Compl. ¶¶ 209-22, ECF No. 1) (same); see United States v. Powell, No. 04 CR 885, 2006 WL 1155947, at *2 (N.D. Ill. Apr. 28, 2006) (unpublished) (observing that both § 2422(a) and § 2423(a) "require travel across state lines").

The five remaining Plaintiffs – John Doe 1 and Jane Does 1, 2, 3, and 9 – have not stated a plausible CAVRA claim based on a violation of § 2422(a) or § 2423(a) because there are no allegations that Kathy Foster enticed them to travel across state lines or that she intended that they would be subjected to unlawful sexual acts.[4] Plaintiffs repeatedly maintain that Kathy Foster and Rockstar "were aware of their employees' misconduct and attempts to engage minor athletes in sexual activity . . . at competitions" and yet "did nothing." (Resp. Opp'n Rockstar & Kathy Foster Mot. Dismiss 12, ECF No. 262 (2957 case)); (Id., ECF No. 262 (2957 case)) (arguing that Kathy Foster and Rockstar "had knowledge of the sexual harassment, and at times rape, that would await . . . minor athletes at competitions"); (Id. at 13, ECF No. 262 (2957 case))

---

[4] John Doe 1 cannot allege a § 2423(a) violation for an additional reason: he was cheering for a Las Vegas-based gym in 2019 when he engaged in sexual conduct with Scott Foster at Varsity competitions. (2957 Am. Compl. ¶ 203, ECF No. 8.) Thus, neither Rockstar nor Kathy Foster could have "transported" him across state lines.

7

(arguing that Kathy Foster and Rockstar "knew the minor athletes would be subjected to sexual activity" at "competitions and other events").

There is a difference, however, between specifically intending that a minor victim engage in criminal sexual activity and merely knowing that the minor victim might be caused to do so. Cf. United States v. Brooks, 610 F.3d 1186, 1195 (9th Cir. 2010) ("[I]f a sex trafficker arranged for a minor victim to be transported to a pimp in another state, the trafficker might know that the victim would be caused to engage in a commercial sex act without actually having any specific intent that the victim do so. In that case, the sex trafficker could be convicted of violating [another statute], but not § 2423(a)." (emphasis removed)). Ultimately, because these five Plaintiffs have not alleged that Kathy Foster acted with the requisite intent, they – along with the other Plaintiffs – have not stated a plausible CAVRA claim.

For these reasons, the court grants Rockstar and Kathy Foster's motions to dismiss Plaintiffs' claims under the CAVRA.[5]

### B. Assault and Battery Claims[6]

Plaintiffs seek to hold Rockstar liable for the alleged assaults and batteries committed by its coaches. Rockstar argues that it cannot be held liable for those acts because the coaches were acting outside the scope of their employment when they purportedly engaged in unlawful sexual

---

[5] Although not argued by Plaintiffs, the court notes that aiding-and-abetting liability is not available under the CAVRA. See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 176-77, 182 (1994).

[6] Plaintiffs assert claims for "assault/battery" in the same count. Assault and battery, however, are two distinct torts under South Carolina law. An assault occurs when a defendant's conduct places another "in reasonable fear of bodily harm," whereas a battery is "the actual infliction of any unlawful, unauthorized violence on the person of another." Jones v. Winn-Dixie Greenville, 456 S.E.2d 429, 432 (S.C. Ct. App. 1995).

8

activity with Plaintiffs.  (Rockstar & Kathy Foster Mot. Dismiss 8, ECF No. 253 (2957 case).)  The court agrees with Rockstar.

Under the doctrine of respondeat superior, an employer is vicariously liable for the torts of an employee committed within the course and scope of employment.  James v. Kelly Trucking Co., 661 S.E.2d 329, 331 (S.C. 2008).  An act falls within the scope of employment "if it was reasonably necessary to accomplish the purpose of the [employee's] employment" and "was done in furtherance of the [employer's] business."  Wade v. Berkeley Cnty., 498 S.E.2d 684, 688 (S.C. Ct. App. 1988).  "On the other hand, if the [employee] acts for some independent purpose of his own, wholly disconnected with the furtherance of his [employer's] business, his conduct falls outside the scope of his employment."  Crittenden v. Thompson-Walker Co., 341 S.E.2d 385, 387 (S.C. Ct. App. 1986).

Here, Plaintiffs have not plausibly alleged that it was part of the coaches' duties to sexually abuse and assault minor athletes or that such conduct was motived by a desire to further Rockstar's interests.  Indeed, South Carolina state courts and courts within the District of South Carolina have uniformly held that an employee's sexual misconduct falls outside the scope of employment.  See, e.g., Frazier v. Badger, 603 S.E.2d 587, 591 (S.C. 2004) ("[S]exual harassment by a government employee is not within the employee's 'scope of employment.'"); Lee v. Dorsey, No. 3:21-4137-MGL, 2023 WL 4013498, at *3 (D.S.C. June 15, 2023) (unpublished) ("Under South Carolina law, sexual assaults fail to give rise to vicarious liability."); Doe-4 v. Horry Cty., No. 4:16-cv-03136-AMQ, 2018 WL 3227277, at *4 (D.S.C. July 2, 2018) (unpublished) ("Plaintiff's allegations relating to sexual assault and the facts presented in support of those allegations are outside the scope of [the employee's] employment."); Anderson v. United States, No. 8:12-3203-TMC, 2016 WL 320076, *10 (D.S.C.

Jan. 27, 2016) (unpublished) ("South Carolina [appellate] courts have specifically considered whether an employee was acting within the scope of his employment when he commits a sexual assault. In all four cases, South Carolina courts have found that the sexual advances were outside the scope of employment." (footnote omitted)); Thigpen v. United States, 618 F. Supp. 239, 245 (D.S.C. 1985) ("[The employee's] duties did not include assaults and batteries on children. He was not furthering his master's employment when he sexually assaulted [the victims]. Instead, he was furthering his own self-interest. . . . Therefore, plaintiffs' claims are barred because his conduct was not within the scope of his employment.").

Accordingly, the court dismisses Plaintiffs' claims for assault and battery against Rockstar.

### IV. CONCLUSION

To summarize, Plaintiffs consent to the dismissal of their RICO, SCUTPA, fraud, and civil conspiracy claims against Rockstar and Kathy Foster. These claims are dismissed without prejudice. Additionally, the court finds that no Plaintiff has stated a plausible CAVRA claim against Rockstar or Kathy Foster and that Rockstar cannot be held vicariously liable for the alleged assaults and batteries of its employees.

It is therefore

**ORDERED** that Rockstar and Kathy Foster's motions for partial dismissal or for partial judgment on the pleadings, docket numbers 253 (2957 case), 172 (3508 case), 155 (3509 case), and 164 (3510 case), are granted.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
September 11, 2023