IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4, Jane Doe 5, Jane Doe 6, Jane Doe 7, John Doe 1, John Doe 2, and John and Jane Does 1-100,<br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Brands Holding Company, Inc.; U.S. All Star Federation; Jeff Webb; Rockstar Cheer & Dance, Inc.; Katherine Anne Foster, as the personal representative of the Estate of Scott Foster; Kathy Foster, individually; Kenny Feeley; Josh Guyton; Nathan Allan Plank; Christopher Hinton; Tracy a/k/a or f/k/a Traevon Black; Peter Holley; and other Unknown Defendants,<br>　　　　　　Defendants. | C.A. No. 6:22-2957-HMH<br><br>**OPINION AND ORDER** |
| Jane Doe 8,<br>　　　　　　Plaintiff,<br><br>　vs.<br><br>Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Brands Holding Company, Inc.; U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation; Jeff Webb, individually; Rockstar Cheer & Dance, Inc.; Katherine Anne Foster, as the personal representative of the Estate of Scott Foster; Kathy Foster, individually; Josh Guyton; Christopher Hinton; Traevon Black a/k/a Trey Black n/k/a Tracey Black; and other unknown defendants,<br>　　　　　　Defendants. | C.A. No. 6:22-3508-HMH |

1

| | | |
|---|---|---|
| Jane Doe 9, | ) | |
|               Plaintiff, | ) | **C.A. No. 6:22-3509-HMH** |
| | ) | |
| vs. | ) | |
| | ) | |
| Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Brands Holding Company, Inc.; Jeff Webb, individually; Rockstar Cheer & Dance, Inc.; Katherine Anne Foster, as the personal representative of the Estate of Scott Foster; Kathy Foster, individually; Josh Guyton; Traevon Black a/k/a Trey Black n/k/a Tracey Black; and other unknown defendants, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
|               Defendants. | ) | |

| | | |
|---|---|---|
| John Doe 3, | ) | |
| | ) | **C.A. No. 6:22-3510-HMH** |
|              Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Brands Holding Company, Inc.; Jeff Webb, individually; Rockstar Cheer & Dance, Inc.; Katherine Anne Foster, as the personal representative of the Estate of Scott Foster; Kathy Foster; Traevon Black a/k/a Trey Black n/k/a Tracey Black; Jarred Carruba; and other unknown defendants, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
|               Defendants. | ) | |

      Before the court are Defendant Kathy Foster's motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). For the reasons below, the court grants in part and denies in part her motions.

# I. BACKGROUND

Plaintiffs in these four consolidated actions are former youth cheerleaders who allege that they were sexually abused by coaches employed by Rockstar Cheer & Dance, Inc., a now-closed South Carolina gym that was owned and operated by Kathy Foster and her late husband, Scott Foster.  Background on the competitive cheerleading industry and Plaintiffs' allegations of abuse is set forth in the court's earlier orders.  Doe 1 v. Varsity Brands, LLC, No. 6:22-2957-HMH, 2023 WL 4088483, at *1-5 (D.S.C. June 20, 2023); Doe 8 v. Varsity Brands, LLC, No. 6:22-3508-HMH, 2023 WL 4088326, at *3 (D.S.C. June 20, 2023); Doe 9 v. Varsity Brands, LLC, No. 6:22-3509-HMH, 2023 WL 4088098, at *3 (D.S.C. June 20, 2023); Doe 3 v. Varsity Brands, LLC, No. 6:22-3510-HMH, 2023 WL 4088327, at *3 (D.S.C. June 20, 2023).

All twelve Plaintiffs assert claims against Kathy Foster for gross negligence, negligent supervision, civil conspiracy, and for violations of the Child Abuse Victims' Rights Act of 1986 ("CAVRA"), 18 U.S.C. § 2255; the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d); and the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-20.[1]  In an order dated September 11, 2023, the court dismissed the RICO, SCUTPA, civil conspiracy, and CAVRA claims asserted against Kathy Foster.  Doe 1 v. Varsity Brands, LLC, Nos. 6:22-2957-HMH, 6:22-3508-HMH, 6:22-3509-HMH, 6:22-3510-HMH, 2023 WL 5901256 (D.S.C. Sept. 11, 2023).

On November 7, 2023, Kathy Foster filed the instant motions for judgment on the pleadings on Plaintiffs' remaining claims.  (Kathy Foster Mot. J. Pleadings, ECF No. 310 (2957

---

[1] John Does 1 and 2 and Jane Does 1-7 also purport to assert claims for respondeat superior against Kathy Foster.  (2957 Am. Compl. ¶¶ 409-415, ECF No. 8.)  Respondeat superior, however, is a form of liability, not a standalone cause of action.  J.R. v. Walgreens Boots All., Inc., 470 F. Supp. 3d 534, 561 (D.S.C. 2020).

case), ECF No. 226 (3508 case), ECF No. 209 (3509 case), ECF No. 219 (3510 case).) Plaintiffs responded in opposition on November 21, 2023. (Resp. Opp'n Kathy Foster Mot. J. Pleadings, ECF No. 317 (2957 case), ECF No. 233 (3508 case), ECF No. 216 (3509 case), ECF No. 226 (3510 case).) Kathy Foster then filed her replies on November 28, 2023. (Kathy Foster Reply, ECF No. 318 (2957 case), ECF No. 234 (3508 case), ECF No. 217 (3509 case), ECF No. 227 (3510 case).) These motions are ripe for review.

## II. Legal Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). The court assesses a motion for judgment on the pleadings "under the same standards as a motion to dismiss under Rule 12(b)(6)." Occupy Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013).

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "'[D]etailed factual allegations'" are not required, but the plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555). In reviewing the complaint, the court "must accept the factual allegations of the complaint as true

4

and construe them in the light most favorable to the nonmoving party." Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018).

### III. Discussion

The remaining claims against Kathy Foster are for gross negligence and negligent supervision. The court addresses the sufficiency of each claim in turn.

### A. Gross Negligence

Kathy Foster first argues that she is entitled to judgment on the pleadings because Plaintiffs have "fail[ed] to identify any statute, contract, relationship, status, property interest, or other special circumstance creating a duty owed by [her] in her individual capacity." (Kathy Foster Mot. J. Pleadings 10, ECF No. 310 (2957 case).)

A negligence claim consists of three elements: "(1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach."[2] Carolina Chloride, Inc. v. Richland Cnty., 714 S.E.2d 869, 873 (S.C. 2011) (quoting Tanner v. Florence Cnty. Treasurer, 521 S.E.2d 153, 158 (S.C. 1999)). "In any negligence action, the threshold issue is whether the defendant owed a duty to the plaintiff." Bass v. Gopal, Inc., 716 S.E.2d 910, 913 (S.C. 2011). "The determination of the existence of a duty is solely the responsibility of the court." Spence v. Wingate, 716 S.E.2d 920, 926 (S.C. 2011) (quoting Hendricks v. Clemson Univ., 578 S.E.2d 711, 714 (S.C. 2003)). "If there is no duty, then the defendant . . . is entitled to a judgment as a matter of law." Hurst v. E. Coast Hockey League, Inc., 637 S.E.2d 560, 562 (S.C. 2006).

---

[2] The difference between negligence and gross negligence is one of degree: "[n]egligence is the failure to exercise due care, while gross negligence is the failure to exercise slight care." Clyburn v. Sumter Cnty. Sch. Dist. #17, 451 S.E.2d 885, 887 (S.C. 1994).

South Carolina law recognizes that "there is no general duty to control the conduct of another or to warn a third person or potential victim of danger." Madison ex rel. Bryant v. Babcock Ctr., Inc., 638 S.E.2d 650, 656 (S.C. 2006). There are, however, five exceptions to this general rule:

> (1) where the defendant has a special relationship to the victim; (2) where the defendant has a special relationship to the injurer; (3) where the defendant voluntarily undertakes a duty; (4) where the defendant negligently or intentionally creates the risk; and (5) where a statute imposes a duty on the defendant.

Id. Plaintiffs argue that the second, third, and fourth exceptions apply. (Resp. Opp'n Kathy Foster Mot. J. Pleadings 11-13, ECF No. 317 (2957 case).)

The second exception arises "when the defendant 'has the ability to monitor, supervise and control an individual's conduct' *and* when 'the individual has made a specific threat of harm directed at a specific individual.'" Doe v. Marion, 645 S.E.2d 245, 250 (S.C. 2007) (emphasis added) (quoting Bishop v. S.C. Dep't of Mental Health, 502 S.E.2d 78, 81 (S.C. 1998)). Plaintiffs cannot rely on this exception because, even assuming that Kathy Foster had the ability to monitor, supervise, and control the alleged tortfeasors, there are no allegations that she was aware of a specific threat of harm aimed at a particular Plaintiff. See id. ("[I]t is not simply foreseeability of the victim which gives rise to a person's liability for failure to warn; rather, it is the person's awareness of a distinct, specific, overt threat of harm which the individual makes towards a particular victim." (internal quotation marks omitted)).

The third exception is likewise inapplicable. South Carolina law follows the negligent-undertaking rule set forth in § 323 of the Restatement (Second) of Torts. Wright v. PRG Real Est. Mgmt., Inc., 826 S.E.2d 285, 290-91 (S.C. 2019). That rule provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or

6

>things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
>> (a) his failure to exercise such care increases the risk of such harm, or
>>
>> (b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323 (Am. Law Inst. 1965). In arguing for application of this exception, Plaintiffs aver that Kathy Foster was "an owner and decision maker" of Rockstar, cite Rockstar's mission statement of teaching certain values "in a family-friendly, safe and fun environment," and quote an allegation from their pleadings that Rockstar was "certified by Defendant USASF as meeting All-Star standards with respect to coach credentials, program quality and athlete safety." (Resp. Opp'n Kathy Foster Mot. J. Pleadings 12-13, ECF No. 317 (2957 case).) None of these allegations, however, demonstrate that Kathy Foster herself engaged in any specific undertaking.

The final exception invoked by Plaintiffs arises when a defendant "negligently or intentionally creates the risk" of harm to a plaintiff. See Edwards v. Lexington Cnty. Sheriff's Dep't, 688 S.E.2d 125, 129-30 (S.C. 2010) (finding a duty where the defendants "created a situation that they knew or should have known posed a substantial risk of injury to [the victim]"). This court has already held that Kathy Foster's husband, Scott Foster, assumed a duty of care toward certain Plaintiffs as a result of his own risk-creating conduct. Doe 1 v. Varsity Brands, LLC, Nos. 6:22-2957-HMH, 6:22-3508-HMH, 6:22-3509-HMH, 6:22-3510-HMH, 2023 WL 7222851, at *4 (D.S.C. Nov. 2, 2023). Similarly, with respect to Kathy Foster, her alleged affirmative conduct created a risk that athletes would be sexually abused or assaulted by Rockstar coaches. As alleged in the pleadings, Kathy Foster maintained a residence where Rockstar coaches and minor athletes would gather to consume drugs and alcohol and engage in

sexual acts, (2957 Am. Compl. ¶¶ 234-37, ECF No. 8); (3509 Compl. ¶¶ 186, 217-20, ECF No. 1); (3510 Compl. ¶ 186, ECF No. 1), regularly consumed alcohol with minor athletes both at the "Rockstar house" and her personal residence, (2957 Am. Compl. ¶¶ 150, 236, 278, ECF No. 8); (3508 Compl. ¶ 191, ECF No. 1); (3509 Compl. ¶ 185, ECF No. 1); (3510 Compl. ¶ 185, ECF No. 1), and "encouraged" the fraternization of coaches and athletes "as a way of ensuring that the athletes remained at Rockstar," (2957 Am. Compl. ¶ 240, ECF No. 8). Taken together, these allegations are sufficient to create a duty on behalf of Kathy Foster toward John Does 2 and 3, Jane Does 1-5, and Jane Does 7-9.[3]  See Edwards, 688 S.E.2d at 129-30.

Finally, Kathy Foster briefly argues that the pleadings fail to set forth allegations supporting the breach and causation elements of Plaintiffs' claims. (Kathy Foster Mot. J. Pleadings 10, ECF No. 310 (2957 case).) The court disagrees. At this stage of the proceedings, John Does 2 and 3, Jane Does 1-5, and Jane Does 7-9 have plausibly alleged that Kathy Foster breached her duty of care toward them and that her breach was the proximate cause of their injuries. See Singletary v. S.C. Dep't of Educ., 447 S.E.2d 231, 233 (S.C. Ct. App. 1994) ("The breach of a duty of due care is ordinarily a question of fact."); Bailey v. Segars, 550 S.E.2d 910, 914 (S.C. Ct. App. 2001) ("Ordinarily, the question of proximate cause is one of fact for the jury.").

---

[3] Kathy Foster's duty of care does not extend to John Doe 1 or Jane Doe 6, neither of whom are alleged to have had any connection to Rockstar. See (2957 Am. Compl. ¶¶ 203-21, ECF No. 8) (stating that John Doe 1 was a member of a gym in Nevada when he engaged in sexual activity with Scott Foster at two different cheerleading competitions); (Id. ¶¶ 306-16, ECF No. 8) (stating that Jane Doe 6 was eighteen when she met Scott Foster and interacted with him at a camp in Miami, Florida).

## B. Negligent Supervision

Under South Carolina law,

> an employer may be liable for negligent supervision if the employee intentionally harms another when the employee: (1) is upon the premises of the employer, or is using a chattel of the employer, (2) the employer knows or has reason to know that he has the ability to control his employee, and (3) the employer knows or should know of the necessity and opportunity for exercising such control.

Charleston, S.C. Registry for Golf & Tourism, Inc. v. Young Clement Rivers & Tisdale, LLP, 598 S.E.2d 717, 722-23 (S.C. Ct. App. 2004) (citing Degenhart v. Knights of Columbus, 420 S.E.2d 495, 496 (S.C. 1992)); see also Restatement (Second) of Torts § 317 (Am. Law Inst. 1965).

Here, the negligent supervision claims asserted by John Does 1 and 2 and Jane Does 1-9 fail at the outset because their alleged abusers were not employed by Kathy Foster individually. As this court has previously explained, "[a] claim for negligent supervision is necessarily predicated on the existence of an employment relationship." Doe 1, 2023 WL 4088483, at *15; Degenhart, 420 S.E.2d at 496 ("An *employer* may be liable for negligent supervision if the *employee* . . . ." (emphasis added)). "And in the absence of special circumstances it is the corporation, not its owner or officer, who is the principal or employer . . . ." Meyer v. Holley, 537 U.S. 280, 286 (2003). Indeed, Plaintiffs concede in their pleadings that Defendants Black, Holley, Feeley, Guyton, Plank, and Hinton were employed by Rockstar or another gym, Carolina All-Stars. (2957 Am. Compl. ¶¶ 23-28, ECF No. 8.) Moreover, nothing suggests that Scott Foster, who co-owned and co-operated Rockstar along with Kathy Foster, was also employed by her. (Id. ¶¶ 21-22, ECF No. 8.)

Lastly, as for John Doe 3's claim, judgment on the pleadings is proper because there are no allegations that his alleged abusers "harmed [him] while utilizing the premises or chattel of [Kathy Foster]." Degenhart, 420 S.E.2d at 497.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Kathy Foster's motions for judgment on the pleadings, docket numbers 310 (2957 case), 226 (3508 case), 209 (3509 case), 219 (3510 case), are **GRANTED IN PART** and **DENIED IN PART** as set out above.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
December 18, 2023